NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0244n.06

No. 02-2391

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Mar 08, 2013*

DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,                     )
                                              )
     Plaintiff-Appellee,                    )
                                              )
v.                                            )     On Appeal from the United States
                                              )     District Court for the Eastern
JACK LEWIS THOMAS,                            )     District of Michigan
                                              )
     Defendant-Appellant.                   )


Before:      BOGGS and DAUGHTREY, Circuit Judges.

PER CURIAM.  Defendant-appellant Jack Thomas was convicted of two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of possessing a firearm in furtherance of a crime of violence (the second bank robbery), in violation of 18 U.S.C. § 924(c).  The district court sentenced Thomas to concurrent terms of 135 months' imprisonment for each count of bank robbery, followed by a mandatory consecutive term of 84 months' imprisonment for the § 924(c) count.  Thomas appealed, and we affirmed.  *United States v. Thomas*, 105 F. App'x 773, 775 (6th Cir. 2004).  Thomas has moved for rehearing, asking that we vacate his sentence and remand to the district court for re-sentencing.

We agree, and the government concedes, that Thomas is entitled to a remand and re-sentencing under *United States v. Booker*, 543 U.S. 220 (2005).  *Booker* applies to all cases on direct review, *id*. at 268, including cases such as Thomas's for which a petition for rehearing or rehearing

No. 02-2391
United States v. Thomas

en banc is pending. At Thomas's original sentencing hearing, the district court treated the Sentencing Guidelines as mandatory, which, after *Booker*, constitutes plain error. *See United States v. Barnett*, 398 F.3d 516, 525–26, 529–30 (6th Cir. 2005). Because there is no clear and specific evidence that the district court would have imposed the same sentence post-*Booker*, Thomas's case must be remanded for the district court to re-sentence him under the procedures set out in *Booker*. *See also United States v. McFalls*, 675 F.3d 599, 604–05 (6th Cir. 2012).